IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

|  |  |
|---|---|
| **DUE FORNI LLC,** | * |
|     **PLAINTIFF,** | * |
| v. | *     Case No.: PWG-13-3861 |
| **EURO RESTAURANT**     **SOLUTIONS, INC.,** *et al.***,** | * |
|     **DEFENDANTS.** | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**MEMORANDUM OPINION AND ORDER**

Plaintiff Due Forni LLC, a Las Vegas pizza restaurant, purchased pizza ovens from Defendants Euro Restaurant Solutions, Inc., d/b/a Marra Forni ("ERS"), and Francesco Marra. After encountering various problems with the ovens and then learning that they were not manufactured by the company that Defendants represented to be the manufacturer, Plaintiff brought this lawsuit against Defendants for fraud in the inducement, fraud, breach of contract, and conversion. Defendants moved to dismiss, and Plaintiff filed an Amended Complaint, followed by a Motion for Default Judgment when Defendants neither answered the Amended Complaint nor renewed their Motion to Dismiss.[1] Because it is evident that Defendants intended

---

[1] Currently pending are Defendants' Motion to Dismiss for Lack of Jurisdiction for Failure to Meet Amount in Controversy Requirement and supporting memorandum, ECF Nos. 6 & 6-1, and Plaintiff's Motion for Default Judgment, ECF No. 12, to which Defendants have filed an Opposition and supporting memorandum, ECF Nos. 13 and 14. Plaintiff has not filed a response to Defendants' Motion or Defendants' Opposition, and the time for doing so has passed. *See* Loc. R. 105.2(a). A hearing is not necessary. *See* Loc. R. 105.6. For the reasons stated in this Memorandum Opinion and Order, Defendants' Motion IS GRANTED IN PART AND DENIED IN PART, and Plaintiff's Motion IS DENIED. The Memorandum Opinion and Order disposes of ECF Nos. 6 & 12.

their Motion to Dismiss to apply to Plaintiff's Amended Complaint, I will deny Plaintiff's Motion for Default Judgment. Plaintiff cannot meet the jurisdictional amount on its breach of contract claim, and Plaintiff fails to state a claim for conversion. Therefore, I will grant Defendants' Motion to Dismiss as to those claims. With regard to Plaintiff's fraud claims, Plaintiff has alleged damages sufficiently to survive Defendants' Motion, and I will deny Defendants' Motion as to the fraud claims.

## I.     BACKGROUND

The parties' business relationship began in October 2010, when Plaintiff contracted to purchase from Defendants two "true Neapolitan pizza" ovens, "manufactured by an Italian company called Cirigliano Forni."[2]  Am. Compl. ¶¶ 12, 21, 32, ECF No. 10.  Plaintiff designed its kitchen and menu and drew "its name, identity, and concept" from these two Cirigliano ovens.[3]  *Id.*  ¶¶ 1–3.  When the ovens arrived, with smaller oven rotators and larger external dimensions than promised, Plaintiff redesigned its kitchen to accommodate the ovens.  *Id.* ¶¶ 27–28.  Plaintiff used the ovens for months, while combatting electrical problems and an inability to reach the high temperature necessary to make Neapolitan pizza correctly, despite Defendants' representations regarding the ovens' performance capabilities.  *Id.* ¶¶ 32–35.  Plaintiff reported the problems to Defendants, who did not remedy the issues.[4]  *Id.* ¶¶ 38–39.  Nonetheless,

---

[2] For purposes of considering Defendants' Motion, this Court accepts the facts that Plaintiff alleged in its Complaint and Amended Complaint as true. *See Aziz v. Alcolac*, 658 F.3d 388, 390 (4th Cir. 2011).

[3] "'Due Forni[]' means 'two ovens' in Italian." Am. Compl. ¶ 6.

[4] Ultimately, in December 2013, more than three years after its original purchase, Plaintiff "replace[d] the oven stones [in its first two ovens] and retrofit[ted] the ovens so that they actually could cook at 900 degrees." Am. Compl. ¶ 37.

Plaintiff ordered two additional Cirigliano ovens from Defendants in December 2012, placing a deposit of $25,900, or 50% of the purchase price. *Id.* ¶¶ 50–51.

In March 2013, Plaintiff's Chief Executive Officer, Alex Taylor, and Executive Chef Partner, Carlos Buscaglia, attended the 29th Annual International Pizza Expo and learned that the ovens they purchased were manufactured by Morello Forni, not Cirigliano Forni, and "falsely represented to be Cirigliano ovens." Am. Compl. ¶¶ 53–54. After Plaintiff "attempt[ed] to resolve their concerns with DEFENDANT MARRA" without success, "on April 13, 2013, PLAINTIFF canceled the order for the two new ovens and demanded the return of its $25,900 deposit," which Defendants refused. *Id.* ¶¶ 56–57. Thereafter, Plaintiff filed this action for the return of the money it paid Defendants, as well as "all available compensatory and punitive damages." Compl. ¶¶ 4–5, ECF No. 1.

## II. PENDING MOTIONS

On February 18, 2014, Defendants moved to dismiss, arguing primarily that the amount in controversy does not exceed $75,000 and therefore this Court lacks subject matter jurisdiction. Defs.' Mot. ¶ 1; *see* Defs.' Mem. 1. Plaintiff had twenty-four days, or until March 14, 2014, to amend its Complaint as a matter of course in response to Defendants' motion. *See* Fed. R. Civ. P. 15(a)(1)(B) (twenty-one days after service of motion to dismiss); Fed. R. Civ. P. 5(b)(2)(E) & 6(d) (three additional days after service by electronic means). Plaintiff filed a timely Amended Complaint on March 12, 2014,[5] to which Defendants did not respond. Plaintiff has moved for a

---

[5] Plaintiff originally filed its Amended Complaint on March 11, 2014, twenty-one days after service. ECF No. 8. On March 12, 2014, the docketing clerk disabled the link because Plaintiff neglected to include the redlined version that Loc. R. 103.6(c) requires. ECF No. 9. *But see* Fed. R. Civ. P. 5(d)(4) ("The clerk must not refuse to file a paper solely because it is not in the form prescribed by these rules or by a local rule or practice."). The same day, Plaintiff refiled the Amended Complaint along with a redlined version. ECF Nos. 10 & 10-1.

default judgment on that basis. Pl.'s Mot. 2–3. Defendants argue that Plaintiff's Amended Complaint did not moot their original Motion to Dismiss, which, in their view, pertains to the Amended Complaint. Defs.' Opp'n ¶ 2; Defs.' Mem. 1 & 4–5. Because Defendants make clear in their Opposition that they intended to respond to the Amended Complaint via their original Motion to Dismiss, I will construe it as such. *See* Fed. R. Civ. P. 1. Plaintiff's Motion for Default Judgment IS DENIED.

### III. AMOUNT IN CONTROVERSY

Defendants' Motion to Dismiss focuses on 28 U.S.C. § 1332(a), which requires that the amount in controversy exceed $75,000 in a diversity action for this Court to have subject matter jurisdiction. Defs.' Mem. 1; *see* 28 U.S.C. § 1332(a). Of significance, a court generally "'determines the existence of diversity jurisdiction "at the time the action is filed," regardless of later changes in originally crucial facts such as the parties' citizenship or the amount in controversy.'" *Mackin v. Variety Wholesalers, Inc.*, No. ELH-13-3849, 2014 WL 1320027, at *2 (D. Md. Mar. 31, 2014) (quoting *Porsche Cars North America, Inc. v. Porsche.net,* 302 F.3d 248, 255–56 (4th Cir. 2002) (quoting *Freeport–McMoRan, Inc. v. K N Energy, Inc.,* 498 U.S. 426, 428 (1991))). Consequently, Plaintiff cannot meet the jurisdictional minimum by amending its Complaint to increase the amount in controversy.

Nonetheless, insofar as Plaintiff filed its Amended Complaint in response to Defendants' Motion to Dismiss, without separately filing an opposition, to ignore the factual allegations in the Amended Complaint would be to exalt form over substance. *See* Fed. R. Civ. P. 1; *Hall v. Sullivan*, 229 F.R.D. 501, 504 (D. Md. 2005). Further, a plaintiff can support its jurisdictional allegations by affidavit in response to a motion to dismiss. *See Momin v. Mag giemoo's Int'l, LLC*, 205 F. Supp. 2d 506, 509–10 (D. Md. 2002) (noting that "'[w]here the amount in

4

controversy is contested, the proponent of federal jurisdiction must "support its assertion with competent proof"'" (quoting *Rexford Rand Corp. v. Ancel*, 58 F.3d 1215, 1218 (7th Cir. 1995) (quoting *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)))). The allegations in an amended complaint, filed pursuant to Rule 11, should suffice. *See* Fed. R. Civ. P. 11(b)(3) (an attorney presenting a pleading to the Court certifies that "the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery"). Therefore, I will consider the additional factual allegations of the Amended Complaint, to the extent that they substantiate the amount in controversy pleaded in the original Complaint.

The required amount in controversy "is satisfied by reference to the allegations of the complaint that are made in good faith, and the sums demanded in the complaint control." *Morris v. Naugle*, 722 F. Supp. 1285, 1286 (D. Md. 1989); *see Choice Hotels Int'l, Inc. v. Shiv. Hospitality, L.L.C.*, 491 F.3d 171, 176 (4th Cir. 2007). If a defendant "seek[s] to divest the court of jurisdiction" when the plaintiff has specified an amount of damages greater than $75,000, that defendant has the burden of "show[ing] 'to a legal certainty' that the claim is really for less than the jurisdictional amount." *Morris*, 722 F. Supp. at 1286 (citing *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)); *see JTH Tax, Inc. v. Frashier*, 624 F.3d 635, 638 (4th Cir. 2010). This is a "heavy burden" under which the defendant "must show 'the legal impossibility of recovery' to be 'so certain as virtually to negative the plaintiff's good faith in asserting the claim.'" *JTH Tax, Inc.*, 624 F.3d at 638 (citation omitted); *see Accuvant, Inc. v. MEgadata Tech., LLC*, No. AW-12-1647, 2012 WL 6563371, at *2–3 (D. Md. Dec. 13, 2012).

As originally filed, Plaintiff's Complaint stated that Plaintiff purchased two ovens for $58,320, Compl. ¶¶ 4, 15, 22, and paid a deposit of $25,900 for two additional ovens, *id.* ¶¶ 50–

51, based on the false representation that these were Cirigliano ovens, *id.* ¶¶ 48, 56–58. Plaintiff sought in damages "the money paid under false pretenses." *Id.* at 16. Also, Plaintiff alleged that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and sought "all available compensatory and punitive damages," including "damages in the form of lost profits, contributions to fixed overhead, and other compensable injuries to be proven at trial." *Id.* ¶¶ 3–5, 9, 62, 69, 74, 77. Moreover, in Plaintiff's Amended Complaint, Plaintiff clarifies that its damages include the $84,220 that Plaintiff paid to Defendants: $58,320 for the two original ovens and the deposit of $25,900 for the later two ovens.[6] Am. Compl. 18. Unless Defendants show that Plaintiff did not make these allegations in good faith or that, "'to a legal certainty,'" Plaintiff's claim cannot exceed $75,000, Plaintiff has satisfied the pleading requirements for this Court to have jurisdiction. *See Morris*, 722 F. Supp. at 1286 (citation omitted).

Defendants argue that they "can show with 'legal certainty' that Plaintiff is not entitled to recovery of those damages" that Plaintiff has alleged. Defs.' Mem. 10. In support, Defendants attach the ERS/Marra Forni Terms and Conditions of Sale ("Contract"), which governed the sale of the ovens. *See id.* at 11–12; Defs.' Mot. Ex. 1, ECF No. 6-2. The Contract provides:

> CUSTOMERS SHALL INSPECT ALL PRODUCTS IMMEDIATELY UPON RECEIPT. ALL CLAIMS, WHETHER FOR DEFECTIVE OR NON-CONFORMING PRODUCTS, … OR FOR ANY OTHER CAUSE, SHALL BE DEEMED FULLY WAIVED AND RELEASED BY CUSTOMER, UNLESS MADE IN WRITING AND DELIVERED TO ERS WITHIN 24 HOURS AFTER DELIVERY, STATING FULL PARTICULARS IN SUPPORT OF CUSTOMER'S CLAIM …. THE PARTIES AGREE THAT CUSTOMER MAY NOT RECOVER FROM ERS UNDER ANY LEGAL THEORY, AND UNDER NO CIRCUMSTANCES SHALL ERS BE LIABLE TO THE CUSTOMER OR TO ANY THIRD PARTY WITH WHOM CUSTOMER DEALS FOR[] ANY SPECIAL, INCIDENTAL, CONSEQUENTIAL, PUNITIVE OR EXEMPLARY

---

[6] Plaintiff also seeks "compensatory and consequential damages of at least $250,000." Am. Comp. 18.

>DAMAGES, LOSSES, OR EXPENSES, INCLUDING, BUT NOT LIMITED TO, DAMAGES FOR INJURY TO PERSON, PROPERTY OR EQUIPMENT, LOSS OF PROFITS OR REVENUE, COST OF CAPITAL, COST OF PURCHASED OR REPLACEMENT PRODUCTS, OR CLAIMS OF CUSTOMERS, NOR SHALL ERS BE LIABLE IN ANY CASE FOR ANY AMOUNT IN EXCESS OF THE PRICE ACTUALLY PAID BY CUSTOMER TO ERS FOR THE PRODUCTS IN QUESTION.  EXCEPT AS EXPRESSLY PROVIDED IN THE PRECEDING SENTENCE, ALL SALES ARE FINAL. ANY ACTION BY CUSTOMER AGAINST ERS FOR BREACH, INCLUDING WITHOUT LIMITATION BREACH OF CONTRACT OR WARRANTY, EXPRESS OR IMPLIED, INCLUDING THE WARRANTY OF MERCHANTABILITY MUST BE COMMENCED WITHIN ONE YEAR AFTER THE DATE OF DELIVERY OF THE PROD[UC]TS INVOLVED. CUSTOMER WAIVES TRIAL BY JURY AS TO ITS CLAIMS.

Contract ¶ 10. The Contract also states that purchasers relinquish their deposits for any order cancelled after twenty-one days. *Id.* ¶ 12(c). Based on this contract language—which Plaintiff does not dispute—, and given that Plaintiff filed its Complaint years after its first Contract with ERS, Plaintiff clearly cannot recover in excess of $75,000 under its claim for breach of contract. *See id.* ¶¶ 10, 12(c).

Further, Plaintiff has not responded to Defendants' Motion to Dismiss beyond amending its Complaint, and the Amended Complaint does not challenge the applicability of the Contract's clauses limiting Plaintiff's ability to recover.  On that basis alone, I have "the discretion to dismiss the case without reaching the merits." *Knott v. Wedgwood*, No. DKC-13-2486, 2014 WL 1573548, at *3 (D. Md. 2014); *see White v. Wal Mart Stores, Inc.*, No. ELH-13-31, 2014 WL 1369609, at *2 (D. Md. Apr. 4, 2014) (dismissing plaintiff's complaint when plaintiff did not oppose defendant's motion to dismiss).  This is because a failure to oppose a motion to dismiss is viewed as an abandonment of the claims at issue in the motion, *Knott*, 2014 WL 1573548, at *3 (quoting *Ferdinand–Davenport v. Children's Guild*, 742 F. Supp. 2d 772, 777 (D. Md. 2010), and a concession that the "'complaint is deficient for the reasons stated by

defendant,'" *id.* (quoting *White*, 2014 WL 1369609, at *2). Therefore, Defendants' Motion to Dismiss IS GRANTED as to Plaintiff's claim for breach of contract.

However, the Contract does not limit Plaintiff's fraud claims. *See Bank of Montreal v. Signet Bank*, 193 F.3d 818, 829 (4th Cir. 1999) (noting that "the tort of fraud in the inducement precedes the contract, so a contractual waiver of liability is ineffective"); *Creamer v. Helferstay*, 448 A.2d 332, 337 (Md. 1982) (fraud is ground for contractual rescission). Defendants contend that Plaintiff's fraud counts should be dismissed nonetheless because they do not "contain . . . allegations of fact to what damages the plaintiff alleges actually occurred," which "is critical to establishing alleged damages in a fraud claim."[7] Defs.' Mem. 4. It is true that a plaintiff must show "that the plaintiff lost assets as a result of the false representation" to "satisf[y] fraudulent inducement's element of causation of actual damages." *Dynacorp Ltd. v. Aramtel Ltd.*, 56 A.3d 631, 668 (Md. Ct. Spec. App. 2012) (noting that, "[t]o establish fraudulent inducement, a plaintiff must prove 'that he [or she] actually suffered damage directly resulting from such fraudulent misrepresentation'") (quoting *First Union Nat'l Bank v. Steele Software Sys. Corp.*, 838 A.2d 404, 425–26 (2003) (citation omitted)). Here, Plaintiff claims that, because Plaintiff designed its kitchen to accommodate the Cirigliano ovens it believed it was purchasing, not the Morello kitchens it received, "PLAINTIFF was forced to … redesign their kitchen layout in the

---

[7] Defendants also argue that the fraud claims "fail[] to identify whether [Plaintiff] seeks damages under the 'out of pocket' rule of the 'benefit of the bargain' test," and that "the complaint contains no allegations regarding any alleged difference between the amount of the purchase price the plaintiff paid and the actual value of the oven on the date it was sold" or "the difference between the actual value of the oven at the time of making the contract and the value that it would have possessed if the allegedly false representations had been true." Defs.' Mem. 5. Yet, Defendants fail to cite authority that requires such factual allegations to appear in the complaint, as opposed to being developed through discovery. In Defendants' view, Plaintiff also cannot rely on its assertion of punitive damages to meet the amount in controversy, because Plaintiff "fails to allege facts indicating this serious and heightened standard [for punitive damages] to such a high degree." *Id.* at 7–8. Given that Plaintiff alleged other damages sufficiently to meet the amount in controversy, I need not address the sufficiency of its punitive damages allegations.

midst of the final stages of construction, increasing its costs." Am. Compl. ¶ 27. The Amended Complaint specifies that Plaintiff "rectif[ied] the problem" of not being able to cook at a sufficiently high temperature to achieve the desired pizza crust "by paying to replace the oven stones and retrofit the ovens so that they actually could cook at 900 degrees." *Id.* ¶ 37. Plaintiff also claims that it "incur[red] increased costs associated with its efforts to fix or find a way around the problems created by the non-conformance of the ovens to DEFENDANTS' representations," *id.* ¶ 48, and Plaintiff claims that its pizza production decreased because it had "less cooking space" than promised, which "limit[ed] the size of PLAINTIFF'S menu and reduc[ed] the speed at which PLAINTIFF could prepare food at peak dining times," *id.* ¶ 49. Thus, Plaintiff has alleged damages sufficiently for its fraud claims. *See Dynacorp Ltd.*, 56 A.3d at 668. With regard to the fraud claims, Defendants' Motion to Dismiss Plaintiff's claims for failing to satisfy the jurisdictional requirement IS DENIED.

### IV. CONVERSION

Defendants also contend that Plaintiff fails to state a claim for conversion[8] based on "the retention of the $25,900 deposit" for the purchase of two addition ovens, "because there can be no conversion of money." Defs.' Mem. 6. Indeed, "'[t]he general rule is that monies are intangible and, therefore, not subject to a claim for conversion.'" *John B. Parsons Home, LLC v.*

---

[8] Conversion is an intentional tort, consisting of two elements, a physical act combined with a certain state of mind. It is ... any distinct act of ownership or dominion exerted by one person [i.e. the defendant] over the personal property of another [i.e. the plaintiff] in denial of his [or her] right or inconsistent with it. The act of ownership for conversion can occur either by initially acquiring the property or by retaining it longer than the rightful possessor [i.e. the plaintiff] permits.

*John B. Parsons Home, LLC v. John B. Parsons Found.*, No. 109, 2014 WL 1711236, at *9–10 (Md. Ct. Spec. App. Apr. 30, 2014) (quoting *Lasater v. Guttmann,* 5 A.3d 79, 88 (2010) (internal citation and quotation marks omitted)).

*John B. Parsons Found.*, No. 109, 2014 WL 1711236, at *9–10 (Md. Ct. Spec. App. Apr. 30, 2014) (quoting *Allied Inv. Corp. v. Jasen,* 731 A.2d 957, 966 (1999) (citations omitted)). The exception is "'when a plaintiff can allege that the defendant converted specific segregated or identifiable funds." *Id.* (quoting *Allied Inv. Corp.*, 731 A.2d at 966 (citations omitted)). The plaintiff must allege the separateness of the funds because "when funds are co-mingled, the monies lose their 'separateness' and, therefore, are not subject to a claim of conversion." *Id.* Here, Plaintiff has not alleged the separateness of the funds so as to come under the exception. Moreover, as noted, Plaintiff has not opposed Defendants' Motion to Dismiss and thereby concedes that the conversion claim is deficient. *See Knott*, 2014 WL 1573548, at *3; *White*, 2014 WL 1369609, at *2. Therefore, Plaintiff's claim for conversion IS DISMISSED.

## V. UNJUST ENRICHMENT

As amended, Plaintiff's Complaint adds a claim for unjust enrichment, Am. Compl. ¶ 1, which Defendants do not challenge. However, I note that when an express contract is present, as is the case here, a plaintiff cannot recover under the quasi-contractual theory of unjust enrichment. *See Froelich v. Erickson*, 96 F. Supp. 2d 507, 524 (D. Md. 2000), *aff'd sub nom. Froelich v. Senior Campus Living, LLC*, 246 F.3d 664 (4th Cir. 2001). Because Defendants did not seek dismissal on this point, I will not address and resolve it *sua sponte*.

## VI. CONCLUSION

In sum, Plaintiff's Motion for Default Judgment, ECF No. 12, IS DENIED, and Defendants' Motion to Dismiss for Lack of Jurisdiction for Failure to Meet Amount in Controversy Requirement, ECF No. 6, IS GRANTED IN PART AND DENIED IN PART. Defendants' Motion IS GRANTED as to Plaintiff's claims for breach of contract and conversion, which ARE DISMISSED, and IS DENIED as to Plaintiff's fraud claims and unjust enrichment

claim. Thus Plaintiff's Amended Complaint includes claims for fraud in the inducement, fraud, and unjust enrichment. Defendants ARE DIRECTED to file an Answer on or before July 17, 2014.

So Ordered.

Dated:   June 25, 2014                                            /S/
                                                                   Paul W. Grimm
                                                                   United States District Judge

lyb