IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

| | | |
|---|---|---|
| **DUE FORNI LLC,** | * | |
|     **PLAINTIFF,** | * | |
| v. | * | Case No.: PWG-13-3861 |
| **EURO RESTAURANT** | * | |
|     **SOLUTIONS, INC.,** | | |
|     d/b/a *Marra Forni*, *et al.*, | * | |
|     **DEFENDANTS.** | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION AND ORDER**

Plaintiff Due Forni LLC has filed a Motion to Alter or Amend and/or to Reconsider this Court's June 25, 2014 Memorandum Opinion and Order, ECF No. 16, denying Plaintiff's Motion for Default Judgment, granting Defendants Euro Restaurant Solutions, Inc., d/b/a Marra Forni, and Francesco Marra's Motion to Dismiss as to Plaintiff's claims for breach of contract and conversion, and denying Defendants' Motion as to Plaintiff's fraud claims. ECF No. 17.[1] Plaintiff specifically requests that the Court "reconsider its denial of Plaintiff's Motion for Default Judgment . . . and its decision granting Defendants' Motion to Dismiss . . . Plaintiff's breach of contract claim against Defendant Euro Restaurant Solutions, Inc." Pl.'s Mem. 1. Because Plaintiff has not shown any errors of law or fact or changes in controlling law, presented newly-discovered evidence, or demonstrated excusable neglect or other grounds for relief from the June 25, 2014 Order, Plaintiff's Motion IS DENIED.

---

[1] The parties have briefed the motion fully. *See* ECF Nos. 17-1, 25 & 28. A hearing is not necessary. *See* Loc. R. 105.6.

Plaintiff moves "[p]ursuant to Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure and the Court's inherent authority." Mot. 1. A party may move to alter or amend a final judgment under Rule 59 within twenty-eight days of the judgment's issuance, or for relief from a final judgment under Rule 60 after more than twenty-eight days have elapsed. *See MLC Auto., LLC v. Town of So. Pines*, 532 F.3d 269, 277–80 (4th Cir. 2008); *Knott v. Wedgwood*, No. DKC-13-2486, 2014 WL 4660811, at *2 (D. Md. Sept. 11, 2014). But, Rule 54(b) governs any motion to alter, amend or reconsider an order that is not a final judgment. *Cezair v. JPMorgan Chase Bank, N.A.*, No. DKC-13-2928, 2014 WL 4955535, at *1 (D. Md. Sept. 30, 2014) (citing *Fayetteville Investors v. Commercial Builders, Inc.*, 936 F.2d 1462, 1469–70 (4th Cir. 1991)). Rule 54(b) provides that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). The order Plaintiff asks me to reconsider was an interlocutory order that left Plaintiff's fraud claims pending, and therefore, I will construe Plaintiff's motion as a Rule 54(b) motion for reconsideration. *See Cezair*, 2014 WL 4955535, at *1; Fed. R. Civ. P. 1.

The Fourth Circuit has not stated a standard for review of a Rule 54(b) motion, but it has said that, "generally at least, a review of an interlocutory order under Rule 54 is not subject to the restrictive standards of motions for reconsideration of final judgments under Rule 60." *Fayetteville Investors*, 936 F.2d at 1472; *see Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514 (4th Cir. 2003) (same). Nor is the standard for Rule 59(e) binding on review under Rule 54. *See Am. Canoe Ass'n*, 326 F.3d at 514; *Cezair*, 2014 WL 4955535, at *1. Nonetheless, "courts frequently look to these standards for guidance in considering such motions." *Cezair*, 2014 WL 4955535, at *1; *see Peters v. City of Mt. Rainier*, No. GJH-14-955, 2014 WL 4855032,

at *3 n.1 (D. Md. Sept. 29, 2014) (looking to Rule 60(b) standard); *Harper v. Anchor Pkg. Co.*, No. , 2014 WL 3828387, at *1 (looking to Rule 59(e) standard); *Potter v. Potter*, 199 F.R.D. 550, 552 n.1 (D. Md. 2001) (applying Rule 59(e) standard).

A Rule 59(e) motion "need not be granted unless the district court finds that there has been an intervening change of controlling law, that new evidence has become available, or that there is a need to correct a clear error or prevent manifest injustice." *Robinson v. Wix Filtration Corp. LLC*, 599 F.3d 403, 411 (4th Cir. 2010). Rule 60(b) provides overlapping, but broader, bases for relief from a court order:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

The Fourth Circuit has stated in dicta that these "rules of constraint . . . make sense when a district court is asked to reconsider its own order" because "'[w]ere it otherwise, then there would be no conclusion to motions practice, each motion becoming nothing more than the latest installment in a potentially endless serial that would exhaust the resources of the parties and the court—not to mention its patience.'" *Pinney v. Nokia, Inc.*, 402 F.3d 430, 452–53 (4th Cir. 2005) (quoting *Potter*, 199 F.R.D. at 553); *see Shields v. Shetler*, 120 F.R.D. 123, 126 (D. Co. 1988) (observing that a motion for reconsideration "is not a license for a losing party's attorney to get a 'second bite at the apple'").

3

Plaintiff does not identify any change in controlling law or present previously unavailable factual material bearing on the matter. Rather, Plaintiff argues that it was legal error for the Court to consider Defendants' Motion to Dismiss and for Plaintiff not to have the opportunity to oppose the motion, when its failure to oppose the motion was, in Plaintiff's view, excusable neglect. Plaintiff also contends that the Court arrived at the wrong conclusion regarding the breach of contract claim, without the benefit of Plaintiff's briefing.

Plaintiff suggests that it was error for this Court to consider Defendants' Motion to Dismiss after Plaintiff filed its Amended Complaint, arguing that the Amended Complaint "automatically displaced the original Complaint," and that the Amended Complaint "obviated" Defendants' grounds for dismissal. Pl.'s Mem. 2–3. It is true that "an amended complaint . . . generally moots any pending motions to dismiss because the original complaint is superseded." *Venable v. Pritzker*, No. GLR-13-1867, 2014 WL 2452705, at *5 (D. Md. May 30, 2014) (citing *Pac. Bell Tel. Co. v. Linkline Commc'ns, Inc.*, 555 U.S. 438, 456 n. 4 (2009)). Yet, a pending motion to dismiss is not mooted under all circumstances, and "'[d]efendants should not be required to file a new motion to dismiss simply because an amended pleading was introduced while their motion was pending.'" *See id.* (quoting *Buechler v. Your Wine & Spirit Shoppe, Inc.*, 846 F. Supp. 2d 406, 415 (D. Md. 2012) (quoting 6 Charles Alan Wright *et al.*, *Fed. Prac. & Proc.* § 1476 (3d ed. 2010) (internal quotation marks omitted))). Rather, "[i]f some of the defects raised in the original motion remain in the new pleading, the court simply may consider the motion as being addressed to the amended pleading. To hold otherwise would be to exalt form over substance.'" *Id.* (quoting *Buechler*, 846 F. Supp. 2d at 415 (citation and quotation marks omitted)). None of the cases Plaintiff cites from this District stands for the proposition that an amended pleading that does not address the deficiencies identified in a previously-filed

4

motion to dismiss nonetheless moots that previously-filed motion to dismiss. Further, contrary to Plaintiff's assertion, the Amended Complaint did not cure all of the deficiencies identified in Defendants' Motion to Dismiss, as discussed at length in the Memorandum Opinion and Order dismissing Plaintiff's breach of contract and conversion claims. Therefore, I properly considered Defendants' Motion to Dismiss as it pertained to the Amended Complaint. *See id.*; *Buechler*, 846 F. Supp. 2d at 415. And, because it was proper to consider Defendants' previously-filed Motion to Dismiss, a default judgment in Plaintiff's favor on the Amended Complaint would not have been appropriate. *See* Fed. R. Civ. P. 55(b).

Plaintiff argues that it should have had the opportunity to respond to Defendants' Motion to Dismiss, given that its failure to respond was excusable neglect, "based upon counsel's good faith understanding of the appropriate procedural manner in which to proceed," from "counsel's own past experience with the same procedural scenario" in other jurisdictions, "including a case in which they were criticized for filing both an amendment as of right and an opposition to a motion to dismiss." Pl.'s Mem. 9. As discussed above, case law in effect in this District when Defendants moved to dismiss clearly states that "[i]f some of the defects raised in the original motion [to dismiss] remain in the new pleading, the court simply may consider the motion as being addressed to the amended pleading." *Buechler*, 846 F. Supp. 2d at 415. If Plaintiff's counsel were uncertain about how to proceed, in light of their prior experience in other jurisdictions, they should have contacted my chambers for guidance or erred on the side of caution by filing an opposition to Defendants' Motion. Plaintiff has not shown excusable neglect or that it otherwise was improper for the Court to rule on Defendants' Motion to Dismiss when Plaintiff had not responded, despite having the opportunity to do so. *See* Fed. R. Civ. P. 54(b); *Cezair*, 2014 WL 4955535, at *1.

Plaintiff also insists that the Court should not have dismissed its breach of contract claim, contending that the Court erred in its legal and factual analysis and should not have relied on the ERS/Marra Forni Terms and Conditions of Sale ("Contract") that Defendants attached to their Motion to Dismiss. Pl.'s Mem. 9–14. Yet, Plaintiff did not challenge the Contract at the time Defendants moved to dismiss. *See CACI Int'l v. St. Paul Fire & Marine Ins. Co.*, 566 F.3d 150, 154 (4th Cir. 2009) (The Fourth Circuit has "held that courts may consider a document that the defendant attaches to its motion to dismiss if the document "'was integral to and explicitly relied on in the complaint and if the plaintiffs do not challenge its authenticity.'" (citations omitted)). Additionally, a motion for reconsideration is not a vehicle for "'ask[ing] the Court to rethink what the Court had already thought through—rightly or wrongly.'" *Potter*, 199 F.R.D. at 552 (quoting *Above the Belt, Inc. v. Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983)); *see Pinney*, 402 F.3d at 452–53; *Shields*, 120 F.R.D. at 126. Consequently, Plaintiff has not shown a basis for reconsidering the dismissal of the breach of contract claim. *See* Fed. R. Civ. P. 54(b); *Potter*, 199 F.R.D. at 552 & n.1; *Cezair*, 2014 WL 4955535, at *1.

Plaintiff also argues that "the Court entered its Memorandum Opinion and Order prior to the deadline for Plaintiff to file a reply memorandum in support of its Motion for Default Judgment, which was June 30, 2014." Pl.'s Mem. 1. It is true that, due to mathematical error, I issued the Memorandum Opinion and Order before the deadline for Plaintiff's Reply. *See* Loc. R. 105(2)(a); Fed. R. Civ. P. 5(b)(2)(E) & 6(d). However, this error was harmless because, as discussed above, the arguments Plaintiff states it would have made in its reply, *see* Pl.'s Mem. 2, would not have changed my ruling.

In sum, Plaintiff has not shown grounds for reconsidering the June 25, 2014 Memorandum Opinion and Order under Rule 54(b).  Plaintiff's Motion to Alter or Amend and/or to Reconsider, ECF No. 17, IS DENIED.

Dated: November 6, 2014 /S/
Paul W. Grimm
United States District Judge