IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

|  |  |  |
|---|---|---|
| **DUE FORNI LLC,** | * | |
| PLAINTIFF, | * | |
| v. | * | Case No.: PWG-13-3861 |
| **EURO RESTAURANT SOLUTIONS, INC.,** | * | |
| DEFENDANT. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

This acrimonious litigation concerns the purchase by Plaintiff Due Forni, LLC ("Due Forni") of pizza ovens that (among other shortcomings) did not reach the required temperature for making authentic Neapolitan pizzas, as Defendants Euro Restaurant Solutions, Inc. ("ERS") and its president Francesco Marra allegedly claimed they would.[1] Am. Compl., ECF No. 10. Now pending is a motion to dismiss Due Forni's breach of contract claim—a motion ERS filed following an initial dismissal of that claim, a denial of Plaintiff's motion for reconsideration, and a reversal by the Fourth Circuit. ECF No. 120.[2] Notably, Due Forni claims that ERS breached both the contract for its initial purchase of two ovens ("First Contract") and its subsequent contract for the purchase of two additional ovens ("Second Contract"). Because the parties both attach evidence that presents a genuine dispute of material fact, I will treat ERS's motion as one

---

[1] The ovens are described, and parties' business relationship is outlined in detail, in the June 25, 2014 Memorandum Opinion and Order, ECF No. 16, and, except insofar as the evidence before the Court changes the facts to be considered, will not be repeated here.

[2] The parties fully briefed the motion. ECF Nos. 120-1, 122, 125. A hearing is not necessary. *See* Loc. R. 105.6. The breach of contract claim—the only claim remaining in this litigation—is against ERS only. Therefore, Marra no longer is a part of this suit.

for summary judgment pursuant to Fed. R. Civ. P. 12(d) and deny it as to the First Contract, as a genuine dispute of material fact exists regarding Due Forni's ability to prevail in its claims. As to the Second Contract, however, I will grant the motion because the alleged circumstances do not involve a breach of the contract.

## **Background**

In the First Contract, the parties agreed that Due Forni would purchase from ERS two pizza ovens, specially designed for making Neapolitan pizza and purportedly manufactured by Cirigliano Forni, an Italian company. Am. Compl. ¶¶ 12, 16, 21–22. Due Forni took possession of the ovens in January 2011. *Id.* ¶ 29. Allegedly, the ovens did not match their specification or work properly, and it turned out that they were not manufactured by Cirigliano Forni. *Id.* 29, 31–35, 38–39, 48–50. Despite these shortcomings and ERS's failure to remedy them when Due Forni complained, Due Forni entered into the Second Contract and paid ERS $25,900 as a deposit on two additional ovens on December 14, 2012. *Id.* ¶¶ 31–45, 51–52. Upon learning in March 2013 that the original ovens it purchased were not Cirigliano Forni ovens, Due Forni cancelled its order for the additional two ovens and demanded a return of its deposit. *Id.* ¶¶ 53–56. After ERS refused to return the deposit, *id.* ¶ 57, Due Forni sued Defendants on December 23, 2013 for fraud in the inducement, fraud, breach of both contracts, conversion, and unjust enrichment. Compl., ECF No. 1; Am. Compl.

In its breach of contract claim, Due Forni alleged that, with regard to the first two ovens, "DEFENDANT ERS failed to deliver the purchased ovens and instead substituted two Morello Forni 110-cm floor ovens, presented and marked as if they were Cirigliano Forni ovens," such that "PLAINTIFF was denied the benefit of the bargain and suffered reasonably foreseeable damages including lost profits, contribution to fixed overhead, and other compensable injuries to

be proved at trial." Am. Compl. ¶¶ 79–80. And, with regard to the two additional ovens, Due Forni alleged that "[w]hen PLAINTIFF discovered DEFENDANT ERS' prior breach on the first order and its fraudulent conduct, PLAINTIFF cancelled the order and demanded the refund of its [$25,900] deposit," which "DEFENDANT ERS . . . refused to return . . . , causing PLAINTIFF to suffer damages in the form of the lost funds and the ability to use them." *Id.* ¶¶ 82–83.

A motion to dismiss eliminated the breach of contract and conversion claims that Due Forni lodged against Defendants, while the remaining claims for fraud proceeded to trial. June 25, 2014 Mem. Op. & Order, ECF No. 16. The dismissal of the breach of contract claim was—erroneously—for lack of subject matter jurisdiction. *Id.* But, notably, I also stated that Due Forni could not state a claim for breach of contract, based on the contractual provisions ("Terms and Conditions") that Defendants attached to their motion to dismiss. *Id.* Due Forni, in failing to oppose the motion, had not disputed the authenticity of the Terms and Conditions or that they were a part of the governing contract.

The Terms and Conditions provided:

> **10. Claims.** Customer shall inspect all Products immediately upon receipt. All claims, whether for defective or non-conforming Products, shortages, delays, or failures in shipment or delivery, or for any other cause, shall be deemed fully waived and released by Customer, unless made in writing and delivered to ERS within 24 hours after delivery, stating full particulars in support of Customer's claim, in which event, Customer shall fully cooperate with ERS's instructions to Customer in connection therewith. Upon timely receipt of such written notice, and upon return to ERS of the Products involved, Euro will at its option replace or repair the Products or adjust the invoice involved, provided however: THE PARTIES AGREE THAT *CUSTOMER MAY NOT RECOVER FROM ERS UNDER ANY LEGAL THEORY, AND UNDER NO CIRCUMSTANCES SHALL ERS BE LIABLE TO THE CUSTOMER OR TO ANY THIRD PARTY WITH WHOM CUSTOMER DEALS FOR, ANY SPECIAL, INCIDENTAL, CONSEQUENTIAL, PUNITIVE OR EXEMPLARY DAMAGES, LOSSES, OR EXPENSES, INCLUDING, BUT NOT LIMITED TO, DAMAGES FOR* INJURY TO PERSON, PROPERTY OR EQUIPMENT, *LOSS OF PROFITS* OR REVENUE, COST OF CAPITAL, COST OF PURCHASED OR REPLACEMENT PRODUCTS, OR CLAIMS OF CUSTOMERS, NOR SHALL

ERS BE LIABLE IN ANY CASE FOR ANY AMOUNT IN EXCESS OF THE PRICE ACTUALLY PAID BY CUSTOMER TO ERS FOR THE PRODUCTS IN QUESTION. EXCEPT AS EXPRESSLY PROVIDED IN THE PRECEDING SENTENCE, ALL SALES ARE FINAL. *ANY ACTION BY CUSTOMER AGAINST ERS FOR BREACH, INCLUDING WITHOUT LIMITATION BREACH OF CONTRACT OR WARRANTY, EXPRESS OR IMPLIED, INCLUDING THE WARRANTY OF MERCHANTABILITY MUST BE COMMENCED WITHIN ONE YEAR AFTER THE DATE OF DELIVERY OF THE PRODCUTS* [sic] *INVOLVED.* CUSTOMER WAIVES TRIAL BY JURY AS TO ITS CLAIMS.

Terms & Conditions ¶ 10, ECF No. 120-2 (emphases added).

Due Forni then moved for reconsideration, insisting that the Terms and Conditions were not a part of the parties' contracts. ECF No. 17. Because Due Forni failed to show that the facts relied upon to support its motion for reconsideration had not been available to it previously (or obtainable through the exercise of due diligence), I denied its motion. Nov. 6, 2014 Mem. Op. & Order, ECF No. 29; *see Robinson v. Wix Filtration Corp. LLC*, 599 F.3d 403, 411 (4th Cir. 2010) (noting that a Rule 59(e) motion for reconsideration "need not be granted unless the district court finds that there has been an intervening change of controlling law, that new evidence has become available, or that there is a need to correct a clear error or prevent manifest injustice"); *Cezair v. JPMorgan Chase Bank, N.A.*, No. DKC-13-2928, 2014 WL 4955535, at *1 (D. Md. Sept. 30, 2014) (noting that this Court applies Rules 59(e) and 60(b) standards to Rule 54(b) motions for reconsideration).

Following a jury trial that resulted in a defense verdict on the fraud claims, ECF No. 101, Due Forni appealed the dismissal of the breach of contract claim, ECF No. 102. The Fourth Circuit reversed and remanded the breach of contract claim, after concluding that this Court had subject matter jurisdiction over it. The Fourth Circuit explicitly declining to decide "whether the court properly concluded that the Terms and Conditions operate to limit Due Forni's potential contractual remedy to an amount below $75,000." *Id.*

**Pending Motion**

ERS has filed a new Motion to Dismiss, once again asserting that the Terms and Conditions are part of the contract, ECF No. 120-2. It insists that, based on this Court's June 25, 2014 Memorandum Opinion and Order dismissing the contract claim, it is the law of the case that the Terms and Conditions bar Due Forni's recovery. ERS also attached an affidavit from Francesco Marra in ECF No. 120-2, as well as invoices for the ovens, ECF No. 120-3.

This time, Due Forni filed a timely response, opposing the motion and disputing whether the Terms and Conditions were a part of the contracts between the parties. Notably, it attached evidence that the Terms and Conditions were not a part of the contracts, in the form of a declaration to that effect from its Operating Partner Alex Taylor, accompanied by email correspondence between the parties and invoices for the ovens, ECF No. 122-1. Also attached was a declaration from Carlos Buscaglia, who participated in negotiating the purchase of the ovens. ECF No. 122-2. In the emails, Taylor informed ERS that he was not aware of and did not agree to the Terms and Conditions when Due Forni contracted to purchase the ovens; the invoices did not reference the Terms and Conditions.

**Discussion**

The current posture of this case is different in two significant respects from when Defendants' original motion to dismiss was pending. First, as noted, in response to Defendants' original motion, Due Forni challenged neither the authenticity of the Terms and Conditions nor the document's role as the governing contractual provisions in this case. This time, it does. Second, because Due Forni originally did not challenge the Terms and Conditions or Defendants' assertion that it was part of the contract underlying its breach of contract claim, I was able to consider the document containing the Terms and Conditions that Defendants

attached to their motion to dismiss without converting the motion to one for summary judgment. *See CACI Int'l v. St. Paul Fire & Marine Ins. Co.*, 566 F.3d 150, 154 (4th Cir. 2009) (noting that "courts may consider a document that the defendant attaches to its motion to dismiss if the document 'was integral to and explicitly relied on in the complaint and if the plaintiffs do not challenge its authenticity'" (citations omitted)). But things are different this time around, and I cannot consider the document containing the Terms and Conditions on a motion to dismiss because Plaintiff disputes its role and relevance in this litigation. *See id.* Moreover, both parties are on notice that I may treat the pending motion as one for summary judgment, as both parties have filed their briefs along with evidence that is not integral to the Amended Complaint. *See* Fed. R. Civ. P. 12(d); *Ridgell v. Astrue*, DKC-10-3280, 2012 WL 707008, at *7 (D. Md. Mar. 2, 2012). Long story short, I will treat the present motion as one for summary judgment, not as a motion to dismiss.

Summary judgment is proper when the moving party demonstrates, through "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . admissions, interrogatory answers, or other materials," that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a), (c)(1)(A); *see Baldwin v. City of Greensboro*, 714 F.3d 828, 833 (4th Cir. 2013). If the party seeking summary judgment demonstrates that there is no evidence to support the nonmoving party's case, the burden shifts to the nonmoving party to identify evidence that shows that a genuine dispute exists as to material facts. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585–87 & n.10 (1986). I view the facts in the light most favorable to Due Forni as the party opposing summary

judgment. *See Mellen v. Bunting*, 327 F.3d 355, 363 (4th Cir. 2003); *Lynn v. Monarch Recovery Mgmt., Inc.*, No. WDQ-11-2824, 2013 WL 1247815, at *1 n.5 (D. Md. Mar. 25, 2013).

## *Law of the Case*

"Pursuant to the law of the case doctrine, '[w]hen a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case.'" *Equal Rights Ctr. v. Equity Residential*, 798 F. Supp. 2d 707, 721 (D. Md. 2011) (quoting *Christianson v. Colt Indus. Operating Corp.,* 486 U.S. 800, 816 (1988)). But, in light of the significant procedural differences between the evidentiary posture of the case during the first motion to dismiss and the present motion for summary judgment, it simply is not the law of the case that the Terms and Conditions govern the parties' dispute, notwithstanding my finding to that effect in ruling on Defendants' original motion to dismiss. *See Humbert v. Jones*, No. WDQ-11-0440, 2015 WL 4042327, at *7 n.44 (D. Md. June 22, 2015) (discussing law of the case doctrine), *rev'd and remanded on other grounds sub nom. Humbert v. Mayor & City Council of Baltimore City*, 866 F.3d 546 (4th Cir. 2017), *as amended* (Aug. 22, 2017). Importantly, I note that, "the law of the case doctrine . . . is discretionary." *Id.*

Moreover, it "is inapplicable when later proceedings produce additional evidence." *Id.* (citing *TFWS, Inc. v. Franchot,* 572 F.3d 186, 191 (4th Cir. 2009)). For example, "it is generally held that an initial denial of summary judgment does not foreclose, as the law of the case, a subsequent grant of summary judgment on an amplified record." *MacGill v. Johns Hopkins Univ.,* No. R-81-2127, 1983 WL 30330, at *3 (D. Md. Apr.14, 1983). Likewise, and more pertinent here, an order denying a motion to dismiss only becomes the law of the case if a later motion is based on the same facts initially before the court, and not if the evidence before the court is "far more complete and detailed." *Equal Rights Ctr.*, 798 F. Supp. 2d at 721. Thus,

7

"[t]he ruling on a motion to dismiss for failure to state a claim for relief is addressed solely to the sufficiency of the complaint and does not prevent summary judgment from subsequently being granted based on material outside the complaint." *PDK Labs Inc. v. Ashcroft*, 338 F. Supp. 2d 1, 6–7 (D.D.C. 2004) (quoting 10A Wright, Miller & Kane, Fed. Prac. & Proc.: Civil 3D § 2713, at 233 (2d ed. 1998)); *see also Topline Sols., Inc. v. Sandler Sys., Inc.*, No. ELH-09-3102, 2017 WL 1862445, at *18 (D. Md. May 8, 2017) ("[I]t is an *appellate* court that establishes the law of the case. '[W]hen a decision of an appellate court establishes "the law of the case," it "must be followed in all subsequent proceedings in the same case in the trial court or on a later appeal ... unless: (1) a subsequent trial produces substantially different evidence, (2) controlling authority has since made a contrary decision of law applicable to the issue, or (3) the prior decision was clearly erroneous and would work manifest injustice."'" (quoting *Sejman v. Warner Lambert Co.*, 845 F.2d 66, 69 (4th Cir. 1988)) (citation to record omitted)). Therefore, my ruling on the pending motion, which is converted to a motion for summary judgment based on the exhibits both parties attached, is not cabined by my previous ruling on a motion to dismiss, for which I considered only the then unchallenged contractual terms underlying the dispute. *See Humbert*, 2015 WL 4042327, at *7; *Equal Rights Ctr.*, 798 F. Supp. 2d at 721; *MacGill*, 1983 WL 30330, at *3; *PDK Labs*, 338 F. Supp. 2d at 6–7.

*First Contract to Purchase Two Ovens*

A genuine dispute of material fact exists regarding whether the Terms and Conditions are a part of the parties' contracts, with both parties providing conflicting evidence in support of their positions. As noted, Due Forni claimed breach of two contracts – the First Contract to purchase the first two ovens, and the Second Contract to purchase two additional ovens. Am. Compl. ¶¶ 79–83. If applicable, two provisions of the Terms and Conditions could bar Due

Forni's recovery for breach of its First Contract. First, the Terms and Conditions state that "ANY ACTION BY CUSTOMER AGAINST ERS FOR BREACH, INCLUDING WITHOUT LIMITATION BREACH OF CONTRACT . . . MUST BE COMMENCED WITHIN ONE YEAR AFTER THE DATE OF DELIVERY OF THE PRODCUTS [sic] INVOLVED." Terms & Conditions ¶ 10. Due Forni took possession of the first two ovens in January 2011, but it did not file suit until December 23, 2013. Thus, its claim for breach of the First Contract could be untimely if the Terms and Conditions are part of the contract. Additionally, for the alleged breach of the First Contract, Due Forni seeks "reasonably foreseeable damages including lost profits, contribution to fixed overhead, and other compensable injuries to be proved at trial." Am. Compl. ¶ 80. Yet, the Terms and Conditions provide that "CUSTOMER MAY NOT RECOVER FROM ERS UNDER ANY LEGAL THEORY, AND UNDER NO CIRCUMSTANCES SHALL ERS BE LIABLE TO THE CUSTOMER . . . FOR, ANY SPECIAL, INCIDENTAL, CONSEQUENTIAL, . . . DAMAGES, LOSSES, OR EXPENSES, INCLUDING, BUT NOT LIMITED TO, DAMAGES FOR . . . LOSS OF PROFITS." Terms & Conditions ¶ 10. Accordingly, under the Terms and Conditions, even if the claim were timely, Due Forni could not recover the damages it claims. *See id.* Therefore, if the Terms and Conditions apply, ERS could be entitled to judgment in its favor on Due Forni's breach of contract claim with regard to the First Contract.

Yet, Due Forni counters with evidence that the Terms and Conditions merely were posted on ERS's website but were not incorporated into the contracts signed by the parties. Pl.'s Opp'n 5–6. According to Due Forni, it was not even aware of the Terms and Conditions until

Defendants' initial motion to dismiss—long after it entered into both contracts with Defendants.[3] *Id.* Therefore, I cannot decide as a matter of law whether the Terms and Conditions bar Due Forni's recovery for breach of contract with regard to the First Contract without resolving a fact dispute that only the jury can decide.

*Second Contract for Two Additional Ovens*

As for the two additional ovens, as noted, Due Forni alleged that "[w]hen PLAINTIFF discovered DEFENDANT ERS' prior breach on the first order and its fraudulent conduct, PLAINTIFF cancelled the order and demanded the refund of its [$25,900] deposit," which "DEFENDANT ERS . . . refused to return . . . , causing PLAINTIFF to suffer damages in the form of the lost funds and the ability to use them." Am. Compl. ¶¶ 82–83. Given that these ovens never were delivered, this claim would not be untimely, even if the Terms and Conditions applied. *See* Terms & Conditions ¶ 10. Nor does Due Forni seek special, incidental or consequential damages, which also would be unavailable under the Terms and Conditions.

But, to prevail on a claim for breach of contract, Due Forni must establish "contractual obligation, breach, and damages." *Tucker v. Specialized Loan Servicing, LLC*, 83 F. Supp. 3d 635, 655 (D. Md. 2015) (quoting *Kumar v. Dhanda*, 17 A.3d 744, 749 (Md. Ct. Spec. App. 2011)). Due Forni alleges that *it* "cancelled the order" due to ERS's purported deception, Am. Compl. ¶ 82; it does not allege an affirmative breach by ERS. In Due Forni's view, it still can prevail on its claim because the Uniform Commercial Code ("UCC") applies to this sale of goods and, "[u]nder the UCC, a buyer may terminate or cancel a contract subject only to a

---

[3] Due Forni also argues that, for multiple reasons, the provisions at issue would not be enforceable, even if they were a part of the parties' contract. *See* Pl.'s Opp'n 15–18. Because a genuine dispute exists regarding whether the Terms and Conditions even are a part of the contract, I need not reach these arguments.

requirement of reasonable notification." Pl.'s Opp'n 18–19 (citing Md. Code Ann., Com. Law § 2-309(3)). ERS argues that, even if the UCC applies, "termination" under Com. Law § 2-309(3) only "occurs when either party pursuant to a power created by agreement or law puts an end to the contract *otherwise than for its breach*." Defs.' Reply 24 (quoting Com. Law § 2-106(3)) (emphasis added); *see also id.* (noting that "the Official Comment to Section 2-309(3) states that '[j]ustifiable cancellation for breach is a remedy for breach and is not the kind of termination covered by the present subsection'" (quoting Com. Law § 2-309 cmt. 9))

ERS's argument is sound: A party may terminate a contract for breach *or* pursuant to § 2-309. *See* Com. Law §§ 2-106(3), 2-309(3) & cmt. 9. Therefore, the availability of a remedy under § 2-309 negates, rather than supports, Due Forni's claim for breach of the Second Contract, and Plaintiff's right to cancel is distinct from a showing that ERS breached the Second Contract.

Due Forni similarly argues that ERS has breached the Second Contract because, under the UCC, even if "Plaintiff was somehow . . . in breach of the contract, Plaintiff still would be entitled to the return of all but $500 of its deposit," yet ERS has "refused to return any portion of the deposit." Pl.'s Opp'n 19 (citing Com. Law § 2-718(2)(b)). But, as ERS asserts, § 718(2)(b) is inapposite because it "concerns a situation where a 'seller justifiably withholds delivery of goods,'" and "[h]ere, this is not a situation where the seller withheld delivery but rather the buyer refused to make the requisite payments and accept delivery." Defs.' Reply 24 (quoting Com. Law § 2-718(2)(b)). Thus, again, Due Forni's cancellation does not establish ERS's breach.

Finally, Due Forni contends that, even if ERS did not breach the contractual terms *per se*, it breached its duty of good faith through its "deceptive practices." Pl.'s Opp'n 20. But, its claim for breach of the Second Contract is based on ERS's failure to return its deposit, not its

11

breach of the duty of good faith.  *See* Am. Compl. ¶¶ 81–83.  Due Forni already had the opportunity to amend its pleadings, and an opposition to a motion to dismiss is not a proper vehicle for doing so.  *See Whitten v. Apria Healthcare Grp., Inc.*, No. PWG-14-3193, 2015 WL 2227928, at *7 (D. Md. May 11, 2015).  Thus, while Due Forni may have an unpleaded statutory remedy for ERS's alleged failure to return its deposit, Due Forni cannot prevail on its claim breach of the Second Contract.

Accordingly, I will grant ERS's motion with regard to the claim for breach of the Second Contract for the purchase of the two additional ovens, because Due Forni cannot establish ERSs breach of that contract, and I will deny the motion with regard to the claim for breach of the First Contract for the purchase of the initial two ovens, because I cannot decide as a matter of law whether the Terms and Conditions bar Due Forni's recovery for breach of that contract. This case will proceed to trial.  *See* Fed. R. Civ. P. 56(a); *Baldwin v. City of Greensboro*, 714 F.3d 828, 833 (4th Cir. 2013).  I will schedule a conference call to determine whether any discovery is needed with regard to the one remaining claim, and to set deadlines for further proceedings.

# **ORDER**

Accordingly, it is, this 15th day of October, 2018, hereby ORDERED that

1. ERS's Motion to Dismiss, ECF No. 120, which is treated as a motion for summary judgment, IS GRANTED IN PART AND DENIED IN PART AS FOLLOWS:

    a. Plaintiff's breach of contract claim based on the First Contract to purchase two ovens from ERS shall proceed to trial;

    b. JUDGMENT IS ENTERED in ERS's favor on Plaintiff's claim for breach of the Second Contract to purchase of two additional ovens from ERS.

/S/
Paul W. Grimm
United States District Judge

lyb